1  Mathew K. Higbee, Esq., (Ill. Bar No. 6319929)
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
   (714) 617-8336
4  (714) 597-6729 facsimile
5  Email: mhigbee@higbeeassociates.com

6  Attorney for Plaintiff,
7  MICHEL KECK,

8
   **UNITED STATES DISTRICT COURT**
9  **NORTHERN DISTRICT OF ILLINOIS**

10

11 MICHEL KECK, an individual,           Case No. _____

12                      Plaintiff,        **COMPLAINT FOR DAMAGES AND
                                          INJUNCTIVE RELIEF FOR:**
13 v.
                                          **(1) COPYRIGHT INFRINGEMENT**
14
   GOBSTOCK, LLC an Arizona Limited       **(2) FALSE DESIGNATION OF
15 Liability Company; CHARLES             ORIGIN AND FALSE
   MELLYN, an individual; GLORIA          ADVERTISING**
16 MELLYN, an individual, and, DOES 1
17 through 10 inclusive,

18                      Defendants.

19

20
                       **INTRODUCTION**
21

22      1.    This action is brought by Plaintiff to address Defendants'

23 manufacturing, selling, offering for sale, and/or importing of unlicensed and

24
   infringing products containing unauthorized copies of Plaintiff's copyright-
25
   protected artwork, and containing false designations of origin misrepresenting
26

27 Plaintiff as the source of its products (the "Infringing Artwork"), including to

28

---

COMPLAINT FOR DAMAGES                    1

consumers within this District, through Defendants' website located at www.katescornerstone.com ("Defendants' Website").

2. Plaintiff has been and will continue to be irreparably damaged through consumer confusion related to her valuable trademarks and goodwill as well as the unauthorized reproduction of her copyright-protected artwork as a result of Defendants' actions, and seeks injunctive and monetary relief.

## PARTIES

3. Plaintiff Michel Keck is a professional artist based in Jefferson Township, Owen County, in the state of Indiana.

4. On information and belief, Defendant Gobstock, LLC ("Defendant Gobstock") is an Arizona limited liability company with a principle place of business at 7647 Blackies Road, Taylor, AZ 85939.

5. On information and belief, Defendants Charles and Gloria Mellyn ("Mellyn Defendants") are individuals residing at 7647 Blackies Road, Taylor, AZ 85939.

6. On information and belief, the Mellyn Defendants are the sole members of Defendant Gobstock.

7. On information and belief, the Mellyn Defendants, through Defendant Gobstock, own and operate the website www.katescornerstone.com ("Defendants' Website"), which has a place of business at 3035 N. Elbridge Ave., Unit 3, Chicago, IL 60618. Attached hereto as Exhibit A is a true and correct screenshot of Defendants Website showing the address of its place of business.

8.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendants" shall mean all named Defendants and all fictitiously named Defendants.

## JURISDICTION AND VENUE

9.     Plaintiff files this action against Defendants for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*., as well as false advertising and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. §1051, *et seq*. (the "Lanham Act"). This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121(a), 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. Plaintiff is an individual residing in the state of Indiana. Upon information and belief, Defendants own and operate Defendants' Website, which has a place of business in this judicial district at 3035 N. Elbridge Ave., Unit 3, Chicago, IL 60618. The matter in controversy,

exclusive of interest and costs, exceeds $75,000.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, Defendants do business in this judicial district, Defendants directly target business activities toward consumers in Illinois and causes harm to Plaintiff's business within this judicial district, Defendants have targeted sales from Illinois residents by operating a fully interactive and commercial website in this judicial district that offers to sell and has sold products, including Infringing Artwork, to residents of Illinois, Defendants are committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in this judicial district.

12. Personal jurisdiction exists over Defendants, on information and belief, by virtue of the following facts: Defendants are directly targeting business activities toward consumers in Illinois and causing harm to Plaintiff's business within this judicial district. Defendants have targeted sales from Illinois residents by operating a fully interactive and commercial website based in this judicial district that offers to sell and has sold products, including Infringing Artwork, to residents of Illinois. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the state of Illinois.

**FACTUAL ALLEGATIONS**

13.    Plaintiff Michel Keck is a successful and acclaimed artist, primarily known for her highly original abstract art and mixed media paintings.

14.    In 2006, Keck successfully opened her own online art gallery www.michelkeck.com, as well as her own fine art publishing company. By the end of 2006, Keck sold over 1,500 original paintings to art collectors throughout the U.S., Canada, Brazil, Japan, Australia, New Zealand, Netherlands, Ireland, Chile, France, Italy, Austria, Portugal, Greece, Norway, Malta, Puerto Rico and the United Arab Emirates. Keck has exhibited original abstract art paintings and mixed media assemblages in London, New York, Chicago, Los Angeles, Dallas, Indianapolis, High Point, Pittsburgh, Lake Tahoe, and Las Vegas.

15.    Keck's corporate projects include working with Nordstrom's to create original pieces for many of their U.S. stores, and creating mixed media pieces for national restaurant chain Bar Louie.

16.    In 2015, Keck's work was chosen by actress Sigourney Weaver to be used as set dressing in the major motion picture Chappie. Keck's work has also been prominently featured in other media, including the hit HGTV television show House Hunters, FX animated television series Archer, and movie The Longest Ride.

17.    Keck is the sole author and exclusive rights holder to 589 original paintings (the "Works").

18.    By virtue of her sole authorship, Keck has complete ownership rights

and copyrights to the Works.

19.     Keck has registered 281 of her Works with the United States Copyright Office. A list containing true and correct registration information is attached hereto as Exhibit B[1].

20.     In addition to her protectable copyright interest in her Works, Keck has registered the word mark "Michel Keck", registration number 5280022, for use in connection with paintings and original artwork ("Registered Mark"). It is Keck's custom and practice to affix her Registered Mark to each of her Works, typically on the bottom corner as demonstrated below:



21.     On or about May, 2018, Keck discovered that Defendants were selling Infringing Artwork of no less than 589 of Keck's Works bearing Keck's Registered Mark through Defendants' Website.

---

[1] Only 281 of the 589 Works at issue are registered with the Copyright Office. As such, Keck's claim for Copyright infringement only extends to the Works that are currently registered. Keck's claims for Trademark infringement, and request for injunctive relief extend to all 589 Works.

22.     Attached hereto as Exhibit C is a true and correct screenshot of showing the Infringing Artwork bearing as displayed for sale on Defendants' Website.

23.     Additionally, Keck observed that Defendants' Website was advertising some of the Infringing Artwork as "original artwork" signed by Keck.

24.     For example Defendants' Website offered for sale an "Original Abstract Art Painting" of Keck's Work titled "#041604 LIMBO Series":



25. According to the product description on Defendants' Website, "[t]his listing is for the original painting, this is not a print. It is a one of a kind piece of art and is signed on both the front and the back of the painting."

26. Despite the claims on Defendants' Website, Keck has never sold the original version of "#041604 LIMBO Series." Instead, she gifted the original version to her mother who currently has it displayed in her home in Indiana.

27. Keck also identified other Infringing Artwork offered through Defendants' Website as "original artwork" signed by Keck, for which Keck retains the original version of the Works in her possession.

28. Keck also observed that each page promoting a piece of Infringing Artwork offered through Defendants' Website contained photographs taken directly from Keck's Website. For example, the page on Defendants' Website selling "#041604 LIMBO Series"



bears a watermark for Keck's website, and utilizes the exact same photograph

1  utilized by Keck on her website:



29.    Each of the pages on Defendant's Website offering unauthorized copies of Keck's Works also contains images of the Works apparently taken from Keck's website.

30.    In addition to Keck's website, Keck also authorizes select distributors to sell and distribute copies of her Works.

31.    Keck has never authorized Defendants' to make copies or to distribute her Works in any manner, nor has Keck authorized Defendants to affix her Registered Mark to any products sold through Defendants' Website.

32.    On information and belief, Defendants affix Keck's Registered Mark without authorization to each piece of Infringing Artwork.

/ / /

/ / /

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 501 *et seq.***
**Against All Defendants**

33.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.    Plaintiff owns copyrights in the all of Works identified above, 281 of which have been duly registered with the United States Copyright Office.

35.    Defendants infringed Plaintiff's copyrights by, *inter alia*, manufacturing, selling, and/or distributing unauthorized copies of Plaintiff's Works on Defendants' Website.

36.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Works.

37.    Plaintiff is informed and believes and thereon alleges that said Defendants infringed upon Plaintiff's copyrighted Images in violation of Title 17 of the U.S. Code, in that it published, distributed, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Works of the Plaintiff without consent or authority and acquired monetary gain and market benefit as a result.

38.    Defendants' conduct is willful within the meaning of the Copyright Act.

/ / /

/ / /

## SECOND CAUSE OF ACTION
**FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**
**15 U.S.C. § 1125(a)**
**Against All Defendants**

39.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.  Plaintiff's Registered Mark is nonfunctional and their inherently distinctive quality and/or acquired distinctiveness have achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of high-quality goods and services.

41.  Defendants falsely and misleadingly advertised, promoted and sold unauthorized articles bearing Plaintiff's Registered Mark .

42.  Defendants' use of Plaintiff's Registered Mark in interstate commerce as alleged herein without Plaintiff's consent constitutes a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants goods and/or commercial activities by Plaintiff in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Plaintiff. Defendants have, and are, making commercial use of Plaintiff's Registered Mark in interstate commerce and are marketing to the same members of the public through Defendants' Website under a false designation of origin.

43.  Defendants' use of Plaintiff's Registered Mark is likely to cause confusion, mistake and/or deception as to (a) the affiliation, connection and/or

association of Defendants with Plaintiff, and (b) as to the origin, sponsorship, endorsement and/or approval of Defendants' goods, services and/or commercial activities by Plaintiff.

44.     Defendants' use of Plaintiff's Registered Mark is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control its trademarks.

45.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

46.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's Registered Mark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

*   For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement for the registered Works as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C.

§ 504(c), whichever is larger;

- For actual damages as a result of each Defendant's sale of any and all Infringing Artwork bearing Plaintiff's trademarks, three times its damages therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117 or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $2,000,000 per type of goods or services sold, offered for sale, or distributed, whichever is larger

- For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any further infringing use of any of Plaintiff's Works;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an award of pre- and post-judgment interest; and

- For any other relief the Court deems just and proper.

Dated: September 6, 2018

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Ill. Bar No. 6319929
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
*Counsel for Plaintiff*

1

## **DEMAND FOR BENCH TRIAL**

2
       Plaintiff, Michel Keck, hereby demands a bench trial in the above matter.

3
Dated: September 10, 2018

4

5
                         Respectfully submitted,

6
                         **/s/ Mathew K. Higbee**

7
                         Mathew K. Higbee, Esq.
                         Ill. Bar No. 6319929

8
                         **HIGBEE & ASSOCIATES**
                         1504 Brookhollow Dr., Ste 112

9
                         Santa Ana, CA 92705-5418

10
                         (714) 617-8336
                         (714) 597-6729 facsimile

11
                         *Counsel for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28